# COMMON PLEAS

No. 473
HOFF et v. RENDIGS et
Common Pleas Court, Hamilton Co.
No. 189323.
707. LEASE—Containing privilege of re-

newal at increased rental, is presumed to have been the result of the exercise of the privilege when tenant has paid to lessor the increased rental.

851. NOTICE—Not necessary to be given to the lessor to show intention of tenant to exercise privilege.

DARBY, J.

Louisa Rendigs leased to A. J. Hoff certain premises for a period of five years commencing from Jan. 1, 1917. It was agreed that Hoff would be granted the privilege of renewing the lease for another five years with an increase of five dollars for the first 2½ years and another increase for the last 2½ years of the renewal. In 1920, Hoff transferred his interest in the lease and the transferee thereof continued to live on the premises until the expiration of the original lease and also commenced paying rent under the renewed lease at an increased rental. There were several more transfers, the last transferee being one, Greiner, of whom Rendigs demanded $75 per month rent; which was in excess of the rental provided for in the renewed lease. Greiner refused and ejectment was threatened. Greiner thereupon procured a temporary restraining order.

This action was brought in the Hamilton Common Pleas with a prayer for an injunction restraining Rendigs from interfering with Greiner's possession of the premises. Rendigs claimed that there should have been some notice given to her before the privilege of renewal could be exercised, if there was a privilege of renewal, and failure to give notice destroyed what rights the assignee of Hoff had and the tenancy was from year to year. It was also claimed that there was no consideration given for the agreement in the original lease between herself and Hoff, and therefore the agreement for renewal was not enforceable. The Court held:

1. Both parties considered the agreement a privilege of renewal and operated under its terms.

2. When the original term expired and the tenant paid Rendigs the increased rental under the agreement, the privilege of renewal was exercised.

3. Rendigs knew of the various transfers of the lease, and under this circumstance it would be unequitable and unjust to allow her to present the claim of no consideration for the agreement.

4. The various transferees had the right to assume that the lease was a valid contract. There was nothing on its face to show that it was not.

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

Equites are in favor of Hoff and injunction prayed for will be granted.

Attorneys—C. A. J. Walker for Hoff; Dinsmore, Shohl & Sawyer for Rendigs; all of Cincinnati.